IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NICHOLAS TERRELL GRIFFIN,        )
                                 )
    Plaintiff,                   )
                                 )
v.                               )    No. 3:15-cv-0147
                                 )
METRO NASHVILLE POLICE DEPT.,    )    Judge Campbell
DETECTIVE STEVE RAY, and         )
DETECTIVE ARCHIE SPAIN,          )
                                 )
    Defendants.                  )

## MEMORANDUM OPINION

Plaintiff Nicholas Griffin, a pretrial detainee in the custody of the Davidson County Sheriff's Office, has filed a civil rights complaint under 42 U.S.C. § 1983 against defendants the Metro Nashville Police Department ("MNPD") and MNPD detectives Steve Ray and Archie Spain. The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth herein, the complaint will be dismissed.

### I. Factual Summary

The plaintiff alleges that he was stopped and searched by defendant Archie Spain on October 31, 2012. At that time, Detective Spain seized from the plaintiff two telephones and approximately $1,650.00 in cash. The plaintiff asserts that this warrantless seizure violated his Fourth Amendment rights.

The plaintiff further alleges that he was then "taken downtown to be interviewed." (Complaint, ECF No. 1, at 3.) The interview lasted almost ten hours. The plaintiff states that he was told that he was free to leave but that a large officer blocked the door when he actually tried to leave. He also claims that he was never advised of his Fifth Amendment rights as required by *Miranda v. Arizona*, 384 U.S. 436 (1966). When he told the police officers that he had nothing

more to say and wanted to speak to a lawyer, the interview continued anyway, without his being afforded a lawyer at that time.

The complaint contains no additional facts, but public records available on line indicate that the plaintiff was booked by the Davidson County Sheriff's Office around 11:00 p.m. on October 31, 2012. He has remained in custody since that time on a charge of murder. *See* http://dcso.nashville.gov/Search/Details/639644?searchType=Person (last accessed March 2, 2015). His bond has been set at $750,000.00 *Id.*

The plaintiff seeks relief in the form of the return of the cash seized from him, as well as compensatory and punitive damages arising from his allegedly unlawful detention.

**II.     Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or seeks relief from government entities or officials, 28 U.S.C. § 1915A(a). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). In conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**III.    Analysis**

The plaintiff seeks to bring suit under 42 U.S.C. § 1983. Section 1983 creates no

substantive rights but merely provides a remedy for deprivations of rights established elsewhere. To bring a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

    A.    **Fourth Amendment Claim – Unlawful Seizure of Property**

The plaintiff asserts that the defendants violated his Fourth Amendment rights by conducting a warrantless seizure of his personal effects on October 31, 2012. He filed the instant complaint on or around February 6, 2015.

Because there is no applicable "statute of limitations governing § 1983 actions, 'federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought.'" *Wolfe v. Perry*, 412 F.3d 707, 713–14 (6th Cir. 2005) (quoting *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003)). The statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil rights statutes is one year. Tenn. Code Ann. § 28-3-104(a)(3); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).

Although the statute of limitations for § 1983 is borrowed from state law, a § 1983 action accrues and the statutory period begins to run according to federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Typically, the statute of limitations for filing an action alleging a constitutional violation begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)); *see also Roberson*, 399 F.3d at 794 ("A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence."). In cases of alleged Fourth Amendment violations brought under § 1983, the statute of limitations begins to run on

the date that the alleged constitutional violations occurred. *Wallace*, 549 U.S. at 388. Thus, the statute of limitations challenging an unlawful search and seizure accrues at the time of the search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) ("Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure." (citation omitted)).

Based on these principles, it is clear that the plaintiff's Fourth Amendment claims based on the allegedly unconstitutional seizure of his phones and cash are barred by the one-year statute of limitations. The plaintiff alleges that the seizure occurred on October 31, 2012; he clearly had knowledge of the seizure at the time it occurred. The cause of action relating to that claim therefore accrued at the time of the seizure and expired in October 2013, well before the filing of the complaint in this case.

When the face of the complaint shows that an action under § 1983 is time-barred, the case may be dismissed summarily upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007). The plaintiff's claim based on the seizure of his property will therefore be dismissed with prejudice as barred by the statute of limitations.

    **B.**    **Fourth Amendment Claim – Unlawful Detention**

The Court construes the complaint as attempting to assert a claim for a violation of the plaintiff's Fourth Amendment rights based on an allegedly unlawful detention.

The Fourth Amendment protects against unreasonable searches and seizures and requires that arrest warrants be issued only upon a showing of probable cause. U.S. Const. amend. IV. A law enforcement officer's warrantless arrest is reasonable under the Fourth Amendment "where there is probable cause to believe that a criminal offense has been or is being committed." *Davenpeck v. Alford*, 543 U.S. 146, 152 (2004). Probable cause exists if the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect

has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).

Thus, to state a claim under § 1983 based on an arrest in violation of the Fourth Amendment, a plaintiff must allege "that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005) (internal citation omitted). Liberally construed, the allegations in the complaint suggest that the plaintiff's being "taken downtown to be interviewed" (Complaint, ECF No. 1, at 3) and his continued detention even when he was told he was free to leave, was a seizure that amounted to a warrantless arrest. The plaintiff, however, does not allege that the arrest was without probable cause. He therefore fails to state a colorable false-arrest claim under the Fourth Amendment.

Even if the plaintiff were permitted to amend his complaint to allege that the initial detention was without probable cause, it is clear that any such claim would be barred by the statute of limitations. This claim too is governed by the one-year statute of limitations found at Tenn. Code Ann. § 28-3-104(a)(3). The limitations period for a false-arrest claim, "where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Again, the plaintiff does not actually allege that he his initial detention was without probable cause, nor does he expressly state when legal process took place to ascertain probable cause. Regardless, public record shows that the plaintiff was booked by the Davidson County Sheriff's Office around 11:00 p.m. on October 31, 2012 and that he has remained in custody since then. *See* http://dcso.nashville.gov/Search/Details/639644?searchType=Person (last accessed March 2, 2015). Because the complaint does not contain any facts related to the continued detention, the Court can only presume that it was in accordance with due process and that at some point shortly after the initial detention, it was determined that probable cause justified the continued detention.

Because the complaint was filed more than two years after the events giving rise to the complaint, any false arrest claim arising from the initial detention is clearly barred by the statute of limitations, even if the Court assumes that the initial detention was unlawful. This claim too will be dismissed with prejudice.

### C. *Miranda* Violation

The Fifth Amendment, which is applicable to the states by virtue of the Fourteenth Amendment, prohibits forced self-incrimination. *Malloy v. Hogan*, 378 U.S. 1, 8 (1964). A *Miranda* warning is designed to prevent an individual subject to custodial interrogation from being coerced to provide self-incriminating statements. *Miranda*, 384 U.S. at 436; *see Pennsylvania v. Muniz,* 496 U.S. 582, 589 (1990) ("'Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.' Unless a suspect 'voluntarily, knowingly and intelligently' waives these rights, any incriminating responses to questioning may not be introduced into evidence in the prosecution's case in chief in a subsequent criminal proceeding." (quoting *Miranda*, 384 U.S. at 444)). Further, however, "mere coercion does not violate the . . . Self-Incrimination Clause absent use of the compelled statements in a criminal case." *Chavez v. Martinez,* 538 U.S. 760, 769 (2003). "It is only once compelled incriminating statements are used in a criminal proceeding . . . that an accused has suffered the requisite constitutional injury for purposes of a § 1983 action." *McKinley v. City of Mansfield*, 404 F.3d 418, 430 (6th Cir. 2005).

The plaintiff here does not allege that he provided any incriminating statements. Even if he did, he does not allege that they have been used against him in a criminal case. Thus, the plaintiff's contention that he was arrested and questioned without being informed of his *Miranda* rights does not state an actionable claim under the Fifth or Fourteenth Amendment. However, because his case has not yet proceeded to trial, his *Miranda* claim will be dismissed without

prejudice.

**IV.   CONCLUSION**

For the reasons set forth herein, the plaintiff's claims based on alleged violations of his rights under the Fourth Amendment will be dismissed with prejudice as barred by the statute of limitations and for failure to state a claim. His claims based upon an alleged violation of his right to a *Miranda* warning will be dismissed without prejudice. An appropriate order is filed herewith.

*Todd Campbell*
TODD CAMPBELL
United States District Judge