IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **NICHOLAS TERRELL GRIFFIN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-0147 |
| ) | |
| **METRO NASHVILLE POLICE DEPT.,** ) | Judge Campbell |
| **DETECTIVE STEVE RAY, and** ) | |
| **DETECTIVE ARCHIE SPAIN,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Nicholas Griffin is a pretrial detainee presently in the custody of the Davidson County Sheriff's Office while awaiting trial. Presently before the Court is the plaintiff's application to proceed *in forma pauperis* (ECF No. 2). In addition, his complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

  **A.**  **Application to Proceed as a Pauper**

Because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 2) is **GRANTED**.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby **ASSESSED** the full $350 filing fee, to be paid as follows:

  (1) The custodian of the plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of

the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from the plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the Administrator of the Davidson County Sheriff's Office – Criminal Justice Center to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust-fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

**B.     Dismissal of the Complaint**

The complaint asserts violations of the plaintiff's rights under the Fourth and Fifth Amendments to the United States Constitution, based on allegations that the plaintiff was subjected to a warrantless seizure and detention and that he underwent a custodial interrogation without being provided the warning required by *Miranda v. Arizona*, 384 U.S. 436

(1966). For purposes of the initial review required by the PLRA, the Court finds it apparent from the face of the complaint that the plaintiff's Fourth Amendment claims are barred by the statute of limitations. Such claims are therefore **DISMISSED WITH PREJUDICE**. In addition, the complaint fails to state a claim based on the failure to provide a *Miranda* warning, because the plaintiff does not allege that he gave incriminating statements or that any such statements have been used against him in a criminal proceeding. However, because the plaintiff's criminal charges remain pending, this claim is **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

This is the final order in this matter for purposes of Fed. R. Civ. P. 58.

*Todd Campbell*
TODD CAMPBELL
United States District Judge